UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARKLE INTERESTS, LLC, | * | CIVIL ACTION |
| Plaintiff, | * | CASE NO. 13-234 |
| | | c/w 13-362 & |
| v. | * | 13-413 |
| UNITED STATES FISH AND WILDLIFE SERVICE, ET AL | * | SECTION: F |
| | * | |
| Defendants. | | JUDGE: MARTIN C. FELDMAN |
| | * | |
| | | MAG. DIV. SALLY SHUSHAN |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **WEYERHAEUSER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Weyerhaeuser Company, through undersigned counsel, submits this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, Local Rule 7, and the Court's scheduling order dated September 5, 2013. Weyerhaeuser respectfully asks the Court to grant summary judgment in its favor on all claims in the complaint, setting aside the U.S. Fish and Wildlife Service's ("FWS") final rule designating critical habitat for the dusky gopher frog.

The critical habitat designation should be set aside as arbitrary, capricious, and contrary to law. First, it violates the Endangered Species Act's ("ESA") clear mandate that non-occupied areas only be designated as critical habitat if they are "habitat" that is "essential to the conservation of the species." Second, FWS's economic analysis in support of the final rule is invalid because it relies upon the previously-rejected "baseline" approach, which fails to properly consider the actual, cumulative economic effects of the designation. Furthermore, if the

1

ESA is construed to authorize such an expansive, arbitrary designation of "critical habitat," it would violate the Commerce Clause of the United States Constitution.  Finally, FWS violated the National Environmental Policy Act in the process of adopting this final rule by failing to conduct the required environmental review.

In light of these serious deficiencies, Weyerhaeuser respectfully asks this Court to find as a matter of law that FWS's final rule designating critical habitat for the dusky gopher frog was illegal and invalid, and to remand this designation back to FWS for action consistent with the Court's ruling.  In accordance with Local Rules 7.4 and 56.1, the grounds for this Motion are set forth separately in the attached Memorandum and Statement of Material Facts.

Respectfully submitted this 9th day of December, 2013.

                    STANLEY, REUTER, ROSS, THORNTON & ALFORD, L.L.C.

                    By: */s/ Gina M. Palermo*

                    Richard C. Stanley, Esq., 8487
                    rcs@stanleyreuter.com
                    Gina M. Palermo, Esq., 33307
                    gmp@stanleyreuter.com
                    909 Poydras Street Suite 2500New Orleans, Louisiana 70112
                    Telephone:  504-523-1580
                    Facsimile:  504-524-0069

                            And

                    JAMES R. JOHNSTON, *Pro Hac Vice*
                    Jim.Johnston@weyerhaeuser.com
                    Assistant General Counsel
                    Weyerhaeuser Company
                    Federal Way, WA 98063
                    Tel: 253-924-4963
                    Fax: 253-928-2255

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                          */s/ Gina M. Palermo*