# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARKLE INTERESTS, LLC, | ) |
| | ) Civil Action Case No. 2:13-cv-00234 |
| Plaintiff, | ) (Consolidated with 2:13-cv-00362 |
| v. | ) and 2:13-cv-00413) |
| | ) |
| UNITED STATES FISH | ) Judge: Martin L. C. Feldman |
| AND WILDLIFE SERVICE, *et al.*, | ) Magistrate Judge: Sally Shushan |
| | ) |
| Defendants. | ) |

**PLAINTIFF MARKLE'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Markle Interests, LLC, submits the following Statement of Undisputed Material Facts in support of Plaintiff Markle's Motion for Summary Judgment.

1.

Markle owns an undivided interest in the land known as Unit 1 located in St. Tammany Parish, Louisiana. *See* Declaration of Robin M. Rockwell.

2.

Unit 1 was designated as critical habitat for the dusky gopher frog by final rule on June 12, 2012, 77 Fed. Reg. 35118, *et seq.*

3.

Designation of Unit 1 imposes increased regulatory burdens and liability on landowners, including Markle, with economic impacts estimated as high as $33.9 million. 77 Fed. Reg. at 35141.

4.

Unit 1 is not currently occupied by the gopher frog nor was it occupied at the time of the listing in 2001. *Id.* at 35123.

5.

Unit 1 does not contain the physical or biological features essential to the conservation of the gopher frog. *Id.* at 35123-24.

6.

Unit 1 does not contain the three Primary Constituent Elements (or PCEs) the Secretary determined are necessary to sustain the gopher frog. *Id.*

7.

Unit 1 is not suitable habitat for the gopher frog in its current condition. *Id*.

8.

Unit 1 cannot be made suitable habitat without human intervention, including transplanting of frogs into Unit 1, change of land use, controlled burns, revegetation, and more. *Id*. at 35129-32.

9.

The government cannot compel the landowners, including Markle, to manage Unit 1 for the conservation of the gopher frog. *Id*. at 35143.

10.

The landowners, including Markle, have expressed the intent to not manage Unit 1 for species conservation. *See* Declaration of Robin M. Rockwell.

11.

It is highly improbable that Unit 1 will ever be suitable or available for gopher frog use or recovery.

12.

Critical habitat is defined to include only those areas "essential to the conservation of the species." 16 U.S.C. § 1532(5)(A)-(C).

13.

The Secretary has not defined the term "essential."

14.

The Secretary did determine a viable population or habitat size for the gopher frog.

15.

The Economic Analysis relies on the "incremental" or "baseline" approach under which "incremental costs are those attributable solely to the designation of critical habitat above and beyond the baseline costs . . . ." 77 Fed. Reg. at 35140.

16.

Although the Economic Analysis concluded that designation of Unit 1 could cost landowners as much as $33.9 million and Unit 1 is currently incapable of supporting the gopher frog, the Secretary concluded that the "economic analysis did not identify any disproportionate costs that are likely to result from the designation," *Id.* at 35141.

17.

The Secretary concluded that the final rule was not subject to NEPA review. *Id.* at 35144.

18.

The Secretary did not identify a specific economic activity regulated by the designation of Unit 1 as critical habitat.

19.

The Secretary did not demonstrate an interstate commerce connection to Unit 1.

20.

No current economic activity on Unit 1 can or does affect gopher frogs.


DATED:  December 9, 2013.

                                                  Respectfully submitted,

M. REED HOPPER, *Pro Hac Vice* (TA)
mrh@pacificlegal.org
DANIEL A. HIMEBAUGH *Pro Hac Vice*
dah@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California  95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

ANDREW J. HARRISON, JR.
(Louisiana Bar No. 20463)
ajh@ajharrisonlawllc.com
MADELINE AHLGREN
(Louisiana Bar No. 31009)
mahlgren@ajharrisonlawllc.com
Harrison Law, LLC
One American Plaza, Suite 820
Baton Rouge, Louisiana  70825
Telephone:  (225) 388-0065
Facsimile:  (225) 388-0501


/s/  M. REED HOPPER
     M. REED HOPPER

Attorneys for Plaintiff, Markle Interests, LLC

## DECLARATION OF SERVICE

I hereby certify that on December 9, 2013, I electronically filed the foregoing PLAINTIFF MARKLE'S STATEMENT OF UNDISPUTED MATERIAL FACTS with the Clerk of the Court through the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ M. REED HOPPER
M. REED HOPPER