IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS

| | |
|---|---|
| MARKLE INTERESTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, *et al*.,<br><br>    Defendants,<br><br>and<br><br>CENTER FOR BIOLOGICAL DIVERSITY; GULF RESTORATION NETWORK,<br><br>    Intervenor-Defendants. | CIVIL ACTION<br><br>CASE NO. 13-cv-00234-MLCF-SS<br>CONSOLIDATED WITH:<br>13-cv-00362 & 13-cv-00413<br><br>PERTAINS TO 13-cv-00362<br><br>SECTION: F(1)<br><br>JUDGE: MARTIN L.C. FELDMAN<br><br>MAG. JUDGE: SALLY SHUSHAN<br><br>**INTERVENOR-DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXTRA-RECORD EVIDENCE** |

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7, Intervenor-Defendants Center for Biological Diversity and Gulf Restoration Network respectfully submit this memorandum in support of their motion to strike extra-record evidence submitted by Plaintiff P&F Lumber Company found in Exhibits B, D, E, and H (Docket Nos. 80-2 & 80-2). These extra-record documents were not before the U.S. Fish and Wildlife Service ("FWS") at the time the agency designated the critical habitat at issue in this case, and as such, the Court cannot consider them when evaluating the reasonableness of the agency's decision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. No circumstances here justify the Court considering documents outside the record compiled by the agency.

## ARGUMENT

This is a record review case brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and review is therefore limited to the record before the agency at the time it made the decision. "It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 (5th Cir. 2001) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)).

Each of the four documents at issue in this motion was prepared after the FWS issued the Final Rule designating critical habitat for the dusky gopher frog under the Endangered Species Act ("ESA"). 77 Fed. Reg. 35118 (June 12, 2012):

- Exhibit B is the Declaration of Edward B. Poitevent (Docket No. 80-2 at 46-49). This document was signed on December 9, 2013. The Declaration contains argument, asserts facts (many of which are not supported by the administrative record), and attaches additional extra-record documents. *See* Docket No. 80-2 at 46.

- Exhibit D is an article from the Wall Street Journal dated March 11, 2013. *See* Docket No. 80-2 at 52.

- Exhibit E is an article from the Washington Times dated February 8, 2013. *See* Docket No. 80-2 at 53-54.

- Exhibit H is a 60-day notice letter by Edward Poitevent dated October 19, 2012. *See* Docket No. 80-3 at 41. Plaintiff relies upon Exhibit H to supply "additional extensive discussion of the points in this Memorandum." Docket No. 80-1 (P&F Opening Brief) at 24, n.20.

Because none of these documents were before the agency at the time it made its decision, the Court should strike the documents. *Luminant Generation Co. LLC v. United States EPA*, 714 F.3d 841, 850 (5th Cir. 2013) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

2

Supplementation of the administrative record is not allowed unless the moving party demonstrates "unusual circumstances justifying a departure" from the general presumption that review is limited to the record compiled by the agency. *Medina County Envtl. Action Ass'n*, 602 F.3d at 706.  As the Fifth Circuit explained:

> Supplementation may be permitted when:
>
> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . .
>
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Id*. Here, Plaintiff did not seek to supplement the record with these exhibits and supplementation would not be appropriate here. While Plaintiff may argue that these documents provide "background information," this case turns on legal issues that can be resolved based on the record and are not informed by the sharply biased documents relied upon by Plaintiff.

## CONCLUSION

For all these reasons, Intervenor-Defendants respectfully request that the Court strike Exhibits B, D, E, H and the references to these extra-record documents. Plaintiff should be ordered to re-file its Memorandum in Support of Summary Judgment and Statement of Facts with the striken references omitted.

Dated: March 10, 2014

/s/ Collette L. Adkins Giese
_____

Collette L. Adkins Giese (Admitted *Pro Hac Vice*)
(MN Bar No. 035059x)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 339
Circle Pines, MN 55014-0339
Telephone: 651-955-3821
Email: cadkinsgiese@biologicaldiversity.org

John Buse (Admitted *Pro Hac Vice*)
(CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA  94104
Telephone: 323-533-4416
Email: jbuse@biologicaldiversity.org

Elizabeth Livingston de Calderón
(LA Bar. No. 31443)
TULANE ENVIRONMENTAL LAW CLINIC
6329 Freret Street
New Orleans, LA 70118
Telephone: 504-862-8819
Email: ecaldero@tulane.edu

*Attorneys for Intervenor-Defendants Center for Biological Diversity and Gulf Restoration Network*

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such upon all attorneys of record.

Dated: March 10, 2014

/s/ Collette L. Adkins Giese
------------------------------------------

Collette L. Adkins Giese