UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARKLE INTERESTS, LLC<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES FISH AND WILDLIFE<br>SERVICE, ET AL.<br><br>     Defendants. | Civil Action No. 13-cv-234<br>     c/w 13-cv-362 and 13-cv-413<br><br>Pertains to ALL CASES<br><br>Section F<br>Judge Martin L.C. Feldman |

## CONSENT DECREE

This Consent Decree is entered into by and between Markle Interests, LLC, Weyerhaeuser

Company, P&F Lumber Company 2000, LLC, St. Tammany Land Company, LLC, PF Monroe

Properties, LLC, (collectively, "Plaintiffs"), U.S. Fish and Wildlife Service ("Service"), U.S.

Department of the Interior, Margaret Everson, in her official capacity as Principal Deputy Director

Exercising the Authority of the Director of the Service, and David Bernhardt, in his official

capacity as Secretary of the Interior ("Federal Defendants"), and the Center for Biological

Diversity and Gulf Restoration Network ("Defendant-Intervenors") who, by and through their

undersigned counsel, state as follows:

WHEREAS, on June 12, 2012, the Service designated critical habitat for the dusky gopher

frog (*Rana sevosa*) under Section 4(b)(3)(A) of the Endangered Species Act ("ESA"), 16 U.S.C.

§ 1533(a)(3)(A), 77 Fed. Reg. 35,118 (June 12, 2012);

WHEREAS, Plaintiffs challenged the designation of Unit 1 in Louisiana in three lawsuits

consolidated before the District Court for the Eastern District of Louisiana under Civil Action No.

13-cv-234;

WHEREAS, on August 22, 2014, the District Court entered summary judgment for the Federal Defendants and upheld the critical habitat designation;

WHEREAS, Plaintiffs appealed the District Court's decision to the United States Court of Appeals for the Fifth Circuit;

WHEREAS, on June 30, 2016, the Court of Appeals affirmed the District Court's decision with Judge Owen dissenting;

WHEREAS, Plaintiffs' request for rehearing *en banc* was denied with six judges dissenting;

WHEREAS, on July 11, 2017, Weyerhaeuser filed a petition for a writ of certiorari, which was granted on January 22, 2018;

WHEREAS, on July 12, 2017, Markle Interests, P&F Lumber, and PF Monroe Properties filed a petition for a writ of certiorari, which was granted on December 3, 2018;

WHEREAS, on November 27, 2018, the United States Supreme Court vacated the judgment of the Court of Appeals for the Fifth Circuit and remanded the case for further proceedings. Specifically, the Supreme Court concluded that the Court of Appeals had "no occasion to interpret the term 'habitat' in [ESA] Section 4(a)(3)(A)(i) or assess the Service's administrative findings regarding Unit 1." *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 369 (2018). Accordingly, the Supreme Court vacated the judgment below and remanded to the Court of Appeals "to consider these questions in the first instance." *Id.* Additionally, the Supreme Court remanded to the Court of Appeals to consider "whether the Service's assessment of the costs and benefits of designation was flawed in a way that rendered the resulting decision not to exclude Unit 1 arbitrary, capricious, or an abuse of discretion." *Id.* at 372;

WHEREAS, on April 2, 2019, the Court of Appeals remanded to the District Court for further proceedings, including any determination as to the appropriateness of a remand to the Service;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of all disputes set forth in Plaintiffs' respective complaints;

WHEREAS, in light of the U.S. Supreme Court's November 27, 2018 remand order, the parties agree that the Court should enter an order vacating the designation of Unit 1 under Section 4(b)(3)(A) of the ESA, 16 U.S.C. § 1533(a)(3)(A) in the June 12, 2012 Final Rule as critical habitat for the dusky gopher frog, 77 Fed. Reg. 35, 118 (June 12, 2012), and dismissing with prejudice all of Plaintiffs' claims;

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is lawful, as well as fair and reasonable;

NOW, THEREFORE, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court hereby vacates the designation of Unit 1 of the Final Rule designating critical habitat for the dusky gopher frog, 77 Fed. Reg. 35,118 (June 12, 2012).  The remainder of critical habitat designated in the June 2012 Rule is unaffected by this vacatur and remains in place pursuant to that Rule.

2. All counts of Plaintiffs' respective complaints filed in the three consolidated cases, 13-cv-234, 13-cv-362, and 13-cv-413, are dismissed with prejudice.

3. No part of this Consent Decree shall have precedential value in any litigation or in representations before any court or forum or in any public setting other than as it relates to the June 12, 2012 Final Rule and the vacating of the designation of Unit 1 as set forth herein. No party shall use this Consent Decree, or the Court's entry of judgment, as relevant evidence in any future proceeding, whether for issue or claim preclusion or any other purpose, unless it is in future litigation arising from the June 12, 2012 Final Rule and the vacating of the designation of Unit 1 as set forth herein. Neither this Consent Decree nor the dismissal of the Plaintiffs' claims in these consolidated lawsuits will preclude anyone from raising the same or similar claims in a future suit involving the Federal Defendants in the event that, following vacatur, any of the Federal Defendants re-designate or fail to re-designate any portion of Unit 1 as critical habitat for the dusky gopher frog, including without limitation the Federal Defendants' use in a subsequent designation of any portion of the record in the rulemaking challenged in these consolidated lawsuits.

4. No provision of this Consent Decree shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the ESA, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.

5. The parties agree that this Consent Decree was negotiated in good faith and that this Consent Decree constitutes a settlement of claims that were disputed by the parties. By entering into this Consent Decree none of the parties waives or relinquishes any legal rights, claims or defenses it may have that are not specifically and explicitly waived or relinquished herein.

6. The terms of this Consent Decree constitute the entire agreement of the parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as may be expressly stated herein, this Consent Decree supersedes all prior agreements, negotiations, and discussions between the parties with respect to the subject matter addressed herein.

7. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to bind that party or those parties to the terms of this Consent Decree.

SO ORDERED this 3rd day of July, 2019.

HON. MARTIN L.C. FELDMAN
United States District Judge

SO AGREED:

/s/ Richard C. Stanley
Richard C. Stanley, 8487
  rcs@stanleyreuter.com
Kathryn W. Munson, 35933
  kwm@stanleyreuter.com
Matthew J. Paul, 37004
  mjp@stanleyreuter.com
STANLEY, REUTER, ROSS, THORNTON
  & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone:     (504) 523-1580
Facsimile:     (504) 524-0069

James R. Johnston, *Pro Hac Vice*
  jim.johnston@weyerhaeuser.com
Zachary R. Hiatt, *Pro Hac Vice*
  zach.hiatt@weyerhaeuser.com
WEYERHAEUSER COMPANY
220 Occidental Ave. S.
Seattle, WA 98104
Telephone:     (206) 539-4361
Facsimile:     (253) 928-2255

Timothy S. Bishop, *Pro Hac Vice*
  tbishop@mayerbrown.com
Brett E. Legner, *Pro Hac Vice*
  blegner@mayerbrown.com
Jed W. Glickstein, *Pro Hac Vice*
  jglickstein@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone:     (312) 782-0600
Facsimile:     (312) 706 8607

*Attorneys for Plaintiff,*
*Weyerhaeuser Company*

*/s/ Mark Miller*
MARK MILLER, *Pro Hac Vice*
CHRISTINA MARTIN, *Pro Hac Vice*
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Email: MMiller@pacificlegal.org
Email : CMartin@pacificlegal.org

*/s/ Edward B. Poitevent, II*
EDWARD B. POITEVENT, II
Stone Pigman Walther
Wittmann L.L.C.
909 Poydras Street
Suite 3150
New Orleans, LA 70112
Telephone: (504) 581-3200
Email: epoitevent@stonepigman.com

*Attorneys for Plaintiffs, Markle Interests, LLC, P&F Lumber Company 2000, LLC, and PF Monroe Properties, LLC*


*/s/ Andrew J. Harrison, Jr.*
Andrew J. Harrison, Jr., 20463
Madeline Ahlgren Melanson, 31009
Harrison Law, LLC
One American Place, Suite 820
Baton Rouge, LA 70825
Telephone: (225) 388-0065
Facsimile: (225) 388-0501

Louis Buatt, 19503
Liskow & Lewis, APLC
Hancock Whitney Center
701 Poydras St., Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4120

*Attorneys for Plaintiff St. Tammany Land Company, LLC*

*/s/ Collette Adkins*
Collette Adkins, *Pro Hac Vice*
 cadkins@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 595
Circle Pines, MN 55014-0595
Telephone: 651-955-3821

*Attorney for Defendant-Intervenors*


JEAN E. WILLIAMS, Deputy Assistant Attorney
General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Mary Hollingsworth*
MARY HOLLINGSWORTH, Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1898
Email: mary.hollingsworth@usdoj.gov

OF COUNSEL:
Michael Stevens
U.S. Department of the Interior
Office of the Regional Solicitor
75 Spring Street, S.W.
Suite 304
Atlanta, Georgia 30303

*Attorneys for Federal Defendants*